IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY A COLE ,

    Plaintiff,

v.                                                CASE NO. 5:10-cv-00316-RS-GRJ

D A ELLIS, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed a Complaint in this cause on December 8, 2010, and a Motion to Proceed *in forma pauperis*. (Docs. 1 and 2.) Plaintiff did not pay the filing fee at the time he submitted his Complaint. The Court has reviewed the complaint and Plaintiff's motion to proceed *in forma pauperis* and concludes that while Plaintiff may have satisfied the imminent danger exception to the "three strikes rule," Plaintiff's complaint, nonetheless, is due to be dismissed because Plaintiff failed to exhaust the available administrative remedies.

## Background

Plaintiff is suing the Secretary of the Department of Corrections and Warden Ellis at Gulf Correctional Institution alleging that their policy prohibiting the use of heat in dorms where prisoners are held under administrative and disciplinary confinement has caused him "imminent danger of serious physical and mental injury," specifically sleep deprivation. (Doc. 1, at 6.) Plaintiff claims that the policy also prohibits him from having a second blanket or from wearing anything but boxer shorts at night. Id.

Consequently, Plaintiff claims that on the nights of November 26 through November 28, 2010, he was so cold that he did not sleep. Id. He further claims that he is in imminent danger of past, present and future sleep deprivation because the policy will continue throughout the winter. Id. Plaintiff states that he did not exhaust administrative remedies because he feared Defendant Ellis or his subordinates might retaliate against Plaintiff because he knows Warden Ellis is a "rogue warden," and because last winter when Plaintiff complained about cold temperatures a false disciplinary report was filed against him by Sgt. Schwartz. Id. Plaintiff also contends that Warden Ellis and his subordinate, Officer Wilson, refused to give Plaintiff grievance forms or accept his informal grievance orally or on other plain paper. Id. at 6A.

Under the section of the complaint form asking Plaintiff to disclose other state or federal lawsuits he has filed, Plaintiff did not check either "Yes" or "No." Rather, Plaintiff states: "I don't remember" and "I have 3 strikes." Id. at 4.

## Legal Analysis

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In a civil rights case Plaintiff previously filed in this Court, the Court, there, found that Plaintiff has "three strikes under 28 U.S.C. §1915(g)" in that Plaintiff previously filed three cases in federal court which were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. See Cole v. Tifft, No. 5:09cv260-RH-MD (N .D. Fla. Oct. 26, 2008). The cases previously dismissed include: Cole v. John Doe, No. 5:08cv138-RS-MD (N.D. Fla. June 10, 2008) (dismissed for abuse of judicial process); Cole v. Warden, No. 8:07cv1798-RAL-MAP (M.D. Fla. Oct. 4, 2007) (dismissed for failure to state a claim for relief); Cole v. Gary, No. 9:08cv80374-DMM (S.D. Fla. Sept. 11, 2008)(dismissed for failure to state a claim for relief). In addition, the Eleventh Circuit Court of Appeals has dismissed an appeal filed by Plaintiff as frivolous. Cole v. Espinosa, No. 02-14396 (11th Cir. Dec. 30, 2002).

Thus, when Plaintiff filed the present case, he was well aware that he had three strikes and could not proceed *in forma pauperis*. Nevertheless, Plaintiff did not pay the filing fee and instead filed a Motion for Leave to Proceed *in forma pauperis*.[1]

In an attempt to meet the exception to the three strikes bar, Plaintiff alleges that he is "now in imminent serious physical and mental injury danger" from "past, present, and future sleep deprivation" from cold temperatures in his dorm. Id. When determining whether a prisoner has met his burden of proving that he is in imminent danger of serious physical injury, the Court must look to the complaint as a whole, accepted as true and liberally construed. Brown v. Johnson, 387 F.3d

---

[1] It has not escaped the Court's attention that Plaintiff was less than forthcoming in his responses about prior case filings. He did not affirmatively note that he had prior federal filings, even though he obviously knew that he had three strikes. He made no effort to identify any of the cases he has filed.

1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts are not sufficient to establish the imminent danger exception to §1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The prisoner must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. Vague allegations of harm and non-specific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A prisoner must allege a present or ongoing threat of harm, as opposed to a past danger, in order to qualify for this exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Whether or not the danger is "imminent" is assessed not at the time of the incident, but at the time the complaint is filed. Id. at 1193. With regard to speculation of future harm, the Eleventh Circuit has found that "[i]nmates ought to be able to complain about 'unsafe, life threatening condition[s] in their prison' without waiting for something to happen to them." Brown, 387 F.3d at 1349, *quoting* Gibbs v. Cross, 160 F.3d 962, 965 (3rd Cir. 1998).

Viewing the present Complaint in such a light, even though sleep deprivation alone might not constitute a serious physical injury, the continuing harm of sleeping without heat during the winter months without additional clothing or blankets, could constitute an ongoing threat of serious physical harm. See Brown, 387 F.3d at 1350 (although specific physical conditions viewed separately may not constitute serious harm, allegations taken as a whole and the alleged danger of more serious afflictions is sufficient). Cold temperatures, even if endured for only a few days at a time, may violate the Eighth Amendment. See Chandler v. Crosby, 379 F.3d 1278,

4

1290, n.22 (11th Cir. 2004)(compendium of cases where cold temperatures were found to be sufficiently harmful to constitute cruel and unusual punishment). The Court, therefore, concludes that Plaintiff has met the exception to the three strikes bar and is not barred from proceeding *in forma pauperis* under §1915(g).

The inquiry, however, does not end there. Even where a prisoner has sufficiently alleged an imminent danger of serious physical harm dismissal may still be warranted if additional grounds exist. Brown, 387 F.3d at 1351.

Plaintiff admits in his complaint that he did not file any grievances related to these claims. (Doc. 1, at 6). Failure to exhaust administrative remedies is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). However, the normal pleading rules still apply and when an affirmative defense appears on the face of a complaint making it clear that a prisoner cannot state a claim for relief, dismissal is warranted under the screening process set out in 28 U.S.C. §1915A. Id. at 214-215. Thus, when a prisoner, as here, admits in his complaint that he has not exhausted the grievance process, dismissal is warranted. Okpala v. Drew, 248 Fed. Appx. 72, No. 06-16257, 2007 WL 2407040, *2 (11th Cir. Aug. 24, 2007).

In his Complaint Plaintiff has admitted that he has not filed any grievances related to the issues raised in his complaint. Plaintiff's excuses for failing to exhaust the available administrative remedies are not persuasive or plausible since Plaintiff's alleged fears of retaliation did not stop him from filing the present lawsuit against Warden Ellis. Further, while Plaintiff complains that neither Warden Ellis nor Sgt. Wilson provided him with a grievance there is no allegation that the forms were not

5

made available to Plaintiff by other personnel on duty when Warden Ellis or Sgt. Wilson were not on duty. More importantly, whether or not Plaintiff had difficulty obtaining the grievance forms does not excuse him from the obligation of exhausting his administrative remedies. Exhaustion is mandatory, and there is no discretion to waive this requirement. <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1324-26 (11th Cir. 1998). The inadequacy or futility of the administrative process does not excuse the requirement that the prisoner utilize and exhaust all administrative remedies through the highest administrative level in the process. <u>Id.</u> at 1323. Because Plaintiff admittedly has failed to do so, his Complaint is due to be dismissed.

Accordingly, for these reasons:

Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED** for the limited purpose of dismissing this action.

And it is respectfully **RECOMMENDED**:

That this case be **DISMISSED** for failure to exhaust administrative remedies.

**IN CHAMBERS** at Gainesville, Florida, this 28th day of December, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**